C. JACOBS & CO., RESPONDENTS, *v.* J. J. DOOLEY & CO., APPELLANTS.

IMPEACHING VERDICT—AFFIDAVIT OF JUROR.—The verdict of a jury may not be impeached by the affidavit of a juror.

APPEAL from the second judicial district, Boise county.

*Rosborough & Waite,* for the appellants.

*May & McGraw,* for the respondents.

The affidavit of a juror can not be used to impeach a verdict.   (4 Abb. N. Y. Dig., p. 139, secs. 219–226.)

KELLY, J., delivered the opinion of the court, McBRIDE, C. J., and SMITH, J., concurring.

This is an action upon a promissory note for the recovery of three hundred and thirty dollars and seventy-one cents. The defendants by their answer admit the execution of the note, but say the same was not stamped with United States revenue stamps; and they further answer that the note was given upon closing up an account; that the account was made up by plaintiffs in the absence of defendants' books, and that there was a mistake in settling said account in defendants' favor in the sum of two hundred and forty dollars, and ask to be relieved of said mistake, and that the plaintiffs may have judgment for ninety dollars and seventy-one cents only.

The plaintiffs in their replication deny that there was any mistake in settling said account in defendants' favor, but say that such mistake was in favor of plaintiffs in the sum of one hundred dollars, for which they ask nothing. They also state that said note was given to their agent, James Mullany, who immediately placed a revenue stamp thereon.

The statement in this case showed that the book accounts of each of the parties was given in evidence to the jury; and the plaintiffs claimed that their evidence showed the mistake to be in their favor in the sum of one hundred dollars more than they had claimed in the complaint. The defendants claimed on their part that the evidence showed the mistake to be in favor of the defendants in the sum of two hundred and ninety-three dollars, whereupon the court ordered the plaintiffs to amend their complaint by adding one hundred dollars; and the defendants should amend their answer by adding two hundred and ninety-three dollars, to all of which there were no exceptions taken by defendants. The jury upon the evidence found for the plaintiffs in the sum of four hundred and thirty dollars and seventy-one cents.

The defendants seek to reverse the verdict in this case on the ground of misconduct of the jury, and that the evidence is not sufficient to support the verdict. The fact that the note was stamped and the stamp canceled immediately after its receipt by plaintiffs' agent, Mullany, and before its delivery to plaintiffs, is conceded by defendants' counsel,

and of course disposes of that question. The affidavit of one of the jurors is the only evidence relied on to show misconduct of the jury. The affidavit is a very extraordinary one, and if taken as true shows that the juror was under duress by the other jurors in making up his verdict. The jury while deliberating upon their verdict were under the charge of an officer and within hearing of the court. No complaint was made to the officer, and when the jury rendered their verdict no such facts were intimated to the court. Had the juror claimed protection from the officer, or made known his grievances to the court when he came in to render his verdict, he would certainly have been protected. It is hardly possible to suppose that a jury guarded by an officer, and within the hearing of the court, could place any one of their number under such great fear as is pretended by this juror, without his making it known to the officer, or having the courage to explain his verdict to the court at the time of rendering it. The weight of authorities does not permit jurors to impeach their own verdict. There was no reason for this juror's being under duress or any fear of harm while deliberating upon his verdict, and the court below very properly disregarded his affidavit upon a motion for a new trial. The account books of both plaintiffs and defendants were submitted and passed upon by the jury, together with the evidence of one of the defendants in regard to their entries and manner of keeping accounts. The jury passed upon the original indebtedness as they had a right to do, and no exceptions were taken by defendants. They found the plaintiffs' account to be correct, and disregarded entries made in defendants' cashbook, of which the defendants complain.

If the defendants were unable to impress the jury with the correctness of their own books, this court will not disturb the verdict. The court below ordered the complaint and answer amended in accordance with the testimony submitted. The defendants had the full benefit of these amendments, and took no exceptions, and they were so considered for the purposes of the judgment which the jury might render.

The judgment of the court below must be affirmed.