(January 12, 1894.)

## STATE v. REED.

[35 Pac. 706.]

PRACTICE—CHANGE OF PLACE OF TRIAL.—A motion for change of place of trial must be predicated upon facts existing at the time the motion is made. Where a motion for a change of place of trial, once overruled, is renewed at a subsequent term, several months after that at which such motion was overruled, it will not be presumed, in the absence of any showing to that effect, that the same conditions still existed.

VIEW OF PREMISES WHERE CRIME WAS COMMITTED—ABSENCE OF DE-
FENDANT NO GROUND FOR NEW TRIAL.—Where, upon the trial of a
criminal case a view of the premises is directed upon motion of
the defendant, and no request or expression of a desire upon his
part to be present at such view is made, his absence from such
view is not ground for a new trial.

LIQUORS FURNISHED JURY—IF NOT EXCESSIVE NOT REVERSIBLE ERROR.
While the permitting of intoxicating liquors to be furnished to a
jury engaged in the trial of a criminal case is strongly disap-
proved, except in cases of actual necessity, the indulgence therein
to a limited extent under the direction of the judge of the trial
court before the case is submitted is not, in the absence of any
evidence of overindulgence in, or apparent effect from, the use of
such liquor by or upon any member of the jury, deemed reversible
error.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

Albert Hagan, Hawley & Reeves and Pinkham & Halverson,
for Appellant.

During the progress of the trial, or after their retirement for
deliberation, the jury must be provided by the sheriff with suit-
able food and lodging. (Rev. Stats., sec. 7901.) We fail to
find, however, that any change has been made in the old rule so
as to allow intoxicating liquors to jurymen, and insist that there
has been no relaxation in that respect. (Proffat on Jury Trial,
398; *Rose v. Smith,* 4 Cow. 17, 15 Am. Dec. 331; *Leighton v.
Sargent,* 31 N. H. 119, 64 Am. Dec. 323; *State v. Baldy,* 17
Iowa, 39; *Ryan v. Harrow,* 27 Iowa, 494, 1 Am. Rep. 302;
*Jones v. State,* 13 Tex. 168, 62 Am. Dec. 550; *Cwater v. Glass
Co.,* 85 Ind. 180; *Railway Co. v. Porter,* 32 Ohio St. 368; *Davis
v. State,* 35 Ind. 496, 9 Am. Rep. 760, and note; *State v. Bul-
lard,* 16 N. H. 139; *Pelham v. Page,* 6 Ark. 535; *Greeg v. Mc-
Daniel,* 4 Ohio, 367; *People v. Douglass,* 4 Cow. 26, 15 Am.
Dec. 332; *Brant v. Fowler,* 7 Cow. 562.) We have also as-
signed as error that the jury viewed the premises where the
homicide was committed during the progress of the trial and
in the absence of the defendant, of the judge and of defend-
ant's counsel. (*People v. Coleman,* 4 Cal. 451; *Tyler v. Pal-
mer,* 31 Cal. 254; *People v. Webb,* 38 Cal. 477; *Ex parte Round-*

*tree,* 51 Ala. 42; *Attorney General v. Brunst,* 3 Wis. 787; *Commonwealth v. Hartnett,* 3 Gray (Mass.), 450; *Hess v. Pegg,* 7 Nev. 23; *Leavenworth Co. v. Miller,* 7 Kan. 479, 12 Am. Rep. 425; *Walker v. Cincinnati,* 21 Ohio St. 14, 8 Am. Rep. 24; *Jenkins v. Ewin,* 8 Heisk. (Tenn.) 456; *People v. Bonney,* 19 Cal. 426; *People v. Lowrey,* 70 Cal. 193, 11 Pac. 605; *People v. Bush,* 71 Cal. 602, 12 Pac. 781; *People v. Huff,* 72 Cal. 117, 13 Pac. 168; *People v. Tut Ling,* 74 Cal. 569, 16 Pac. 489.) Not only the defendant, but his counsel and the judge of the court, should be present at the view. (*Benton v. State,* 30 Ark. 328; *State v. Benton,* 24 La. Ann. 46; *Carroll v. State,* 5 Neb. 31; *People v. Green,* 53 Cal. 60; *State v. Saunders,* 68 Mo. 202, 30 Am. Rep. 782; *Eastwood v. People,* 3 Park. Cr. Rep. 25; *Smith v. State,* 42 Tex. 444; Wharton's Criminal Pleading and Practice, sec. 707; *Foster v. State,* 70 Miss. 755, 12 South. 822; Wharton's Criminal Evidence, secs. 312, 797; 26 Cent. L. J. 439.) In all cases of felony, when the prisoner's life is in peril, he has the right to be present, and must be present, during the whole of the trial and until final judgment. (Cooley's Constitutional Limitations, sec. 319, and note.) Especially is this the case in capital cases, where the prisoner cannot by his silence, or otherwise, waive any of his rights. (*Dempsie v. People,* 47 Ill. 325; *People v. McKay,* 18 Johns. 217; *Bailey v. State,* 1 Neb. 385.) And, more especially, the defendant cannot waive a constitutional right. (*Work v. State,* 2 Ohio St. 296, 59 Am. Dec. 671; *Caulem v. People,* 18 N. Y. 128; *Wilson v. State,* 16 Ark. 601; *Brown v. State,* 16 Ark. 496; *Board v. State,* 17 Ark. 290.) The right of a prisoner, indicted for felony, to be present in court at his trial, cannot be waived by himself or his counsel by consent or otherwise. (*Paine v. Commonwealth,* 18 Pa. St. 108; *State v. Davis,* 66 Mo. 684, 27 Am. Rep. 387; *Dunn v. Connecticut,* 6 Pa. St. 384; Rev. Stats., sec. 7782.) Where a statute provides that on application and showing in certain cases a party may have a change of venue, if the party brings himself within the statutory requisites, he is entitled thereto, as a matter of right. (Note to *Shattuck v. Myers,* 74 Am. Dec. 241; *Men-*

*denhall v. Gately,* 18 Ind. 148; *Kession v. Pressly,* 80 Ind. 494; *Freleigh v. State,* 2 Mo. 206; *People v. Yoakum,* 53 Cal. 566.)

George M. Parsons, Attorney General, for State.

It is not claimed that the liquors had by the jurors were furnished by the state or anyone interested in the prosecution; and the case of *Palmer v. Utah etc. Ry. Co.,* 2 Idaho, 315, 13 Pac. 425, and authorities therein cited do not apply. In support of the views herein set forth we cite: *People v. Biles,* 2 Idaho, 114, 6 Pac. 120; *Commonwealth v. Clery,* 148 Pa. St. 26, 23 Atl. 1110, 1112; *People v. Deegan,* 88 Cal. 602, 604, 605, 606, 26 Pac. 500; *Russell v. State,* 53 Miss. 382, 383, 384; *Territory v. Burgess,* 8 Mont. 57, 19 Pac. 558, 568; *Territory v. Hart,* 7 Mont. 489, 17 Pac. 718, 726; *Davis v. People,* 19 Ill. 74, 77; *Roman v. State,* 41 Wis. 312, 316; Thompson and Merriam on Juries, sec. 378; *Harris v. State,* 24 Neb. 803, 40 N. W. 317, 320; *State v. Jones,* 7 Nev. 408, 414; *Allen v. State,* 7 Tex. App. 298; *King v. State,* 91 Tenn. 617, 629, 630, 20 S. W. 169; *People v. Sansome,* 98 Cal. 235, 33 Pac. 202, 204. No exception was taken to the viewing of the premises by the jury, or to the order of the court directing the jury to view the premises. Error is not presumed; it must be shown by the record. (*People v. Ah Hop,* 1 Idaho, 700; *People v. Winters,* 29 Cal. 658.) The right of review embraces only such decisions as were excepted to, and errors that appear in the record. (*People v. Ah Hop,* 1 Idaho, 698, 703.) On appeal, if the record does not affirmatively show that the defendant was absent during a portion of the trial, it will be presumed that he was present. (*People v. Stuart,* 4 Cal. 218.) In the absence of a showing to the contrary, it will be presumed that the defendant and his counsel were present at the view. (*People v. Williams,* 45 Cal. 25; *People v. Huff,* 72 Cal. 117, 119, 13 Pac. 168.) Right to change of place of trial. (Idaho Rev. Stats., secs. 7768, 7769, 7770.) The granting or refusal of the application is a matter of discretion, and will only be reversed for palpable abuse. (*People v. Elliott,* 80 Cal. 296, 22 Pac. 207; *People v. Vincent,* 95 Cal. 425, 428, 30 Pac. 581; *People v. Goldenson,* 76 Cal. 328, 339, 19 Pac. 161; *People v. Congleton,*

44 Cal. 92, 95; *Edwards v. State,* 2 Wash. 291, 26 Pac. 258;
*State v. Millain,* 3 Nev. 409, 431, 432, 433; *Territory v. Egan,*
3 Dak. 119, 13 N. W. 568, 569, 570; *Commonwealth v. Cleary,*
148 Pa. St. 26, 23 Atl. 1110, 1111; *Commonwealth v. Allen,*
135 Pa. St. 492, 19 Atl. 957; *People v. Perdue,* 49 Cal. 425;
*King v. State,* 91 Tenn. 417, 422, 20 S. W. 169.)    The whole
matter rests in the sound discretion of the trial judge, subject
to reversal for an abuse of discretion. (*Territory v. Manton,*
8 Mont. 95, 102, 19 Pac. 387; *State v. Russell,* 13 Mont. 164,
32 Pac. 854, 855, 856; *State v. Williams,* 63 Iowa, 136,
137, 18 N. W. 682; *State v Rowland,* 72 Iowa, 327, 328, 33
N. W. 137; *State v. Cadwell,* 79 Iowa, 473, 476, 44 N. W. 711;
*State v. Woodward,* 84 Iowa, 172, 50 N. W. 885; *State v. Wil-
son,* 85 Mo. 135, 139; *State v. Hunt,* 91 Mo. 490, 491, 3 S. W.
858, 868; *State v. Rider,* 95 Mo. 474, 481, 482, 8 S. W. 723;
*Spittorff v. State,* 108 Ind. 171, 8 N. E. 912; *Perrin v. State,*
81 Wis. 135, 137, 138, 50 N. W. 516; *Muscoe v. Commonwealth,*
87 Va. 460, 461, 462, 12 S. E. 790; *Edwards v. State,* 2 Wash.
291, 293, 294, 26 Pac. 258; *Olive v. State,* 11 Neb. 1, 7 N. W.
444; *Adams v. State,* 28 Fla. 511, 10 South. 106; *Hyde v. Hark-
ness,* 1 Idaho, 601, 602, 603, 604; *Horn v. State,* 98 Ala. 23, 13
South. 329, 330.)

HUSTON, C. J.—The defendant was indicted at the Sep-
tember term, 1892, of the district court of the first judicial
district of Idaho in and for Shoshone county, for the crime of
murder in the killing of one Robert Stevens at Murray, in said
county, on the sixteenth day of July, 1892.    On October 3,
1892, defendant was arraigned, and filed a demurrer to the in-
dictment, which was overruled.    Defendant thereupon entered
his plea of not guilty, at same time giving notice of application
for a change of venue.    The motion for change of venue was
based upon affidavits filed on the part of defendant, wherein are
set forth the condition of the county at the time of the homi-
cide, as well as at the time of the holding of the term of the
district court then in session, the alleged prejudice existing in
the community against the defendant, etc.    The motion for the
change of venue was denied, which action of the district court
was brought to this court for review on writ of error.    We held

that, not being a final order, neither a writ of error nor an appeal would lie from an order overruling a motion for a change of venue in a criminal case, under the code of Idaho. Upon the overruling of the motion for a change of venue, the cause was continued to the next ensuing term of said court—January, 1893. On the calling of the case at the January term, 1893, the motion for a change of venue was renewed and submitted upon the same showing made at the September term, the state having filed counter-affidavits at the hearing in October, and was again overruled by the court. The case then proceeded to trial, and resulted in a verdict against defendant for manslaughter. Defendant moved for a new trial, which was refused, and from the judgment of conviction, as well as the order overruling his motion for a new trial, and the order overruling his motion for a change of venue, this appeal is taken.

The following are the errors relied on by appellant for a reversal: "1. The court erred in denying the motion for a new trial on account of the misconduct of the jury in drinking liquor during the trial, and while considering their verdict; 2. The court erred in denying the motion for a new trial on account of the jury viewing the premises where the crime was alleged to have been committed, in the absence of the defendant and his counsel and the judge of the court, and also that the court erred in allowing the jury to view said premises in the absence of the defendant, his counsel and the judge of the court; 3. The court erred in refusing defendant's motion for a change of venue, and also erred in denying the motion for new trial on that ground; 4. The court erred in overruling the demurrer to the indictment; 5. The court erred in overruling the motion in arrest of judgment; 6. The court erred in modifying instructions asked for by defendant, and numbered 2, 6, 7 and 8; 7. And in refusing instructions 14 and 19, asked for by defendant." We will consider the assignment of errors chronologically, as they were presented upon the argument.

The demurrer to the indictment was properly overruled. The indictment complied with the requirements of the statute.

The next error assigned is the denial of the defendant's motion for a change of venue, and incidental to this is the objection that the court permitted affidavits in rebuttal to be filed by the state. Section 7768 of the Revised Statutes of Idaho is as follows: "A criminal action prosecuted by indictment may be removed from the court in which it is pending, on the application of the defendant on the ground that a fair and impartial trial cannot be had in the county where the indictment is pending." Section 7769: "The application must be made in open court, and in writing, verified by the affidavit of the defendant, a copy of which must be served upon the district attorney at least one day before the application is made." Section 7770: "If the court is satisfied that the representation of the defendant is true, an order must be made for the removal of the action to the proper court of a county free from like objection." The criminal statutes are not enacted solely to protect violators of the law. The tradition is that the primary object of statutes against crimes is to protect the citizen, and to punish the guilty infractor of the law. When the statute speaks of "a fair and impartial trial," it does not mean a trial that shall merely open to the accused every avenue of escape which the ingenuity of counsel may devise; it means a fair and impartial trial, both for the defendant and the state. If the application for a change of venue were to rest entirely upon the showing made by the defendant, the trial would be relegated to a period too remote for the jurisdiction of any earthly tribunal. The court must be satisfied of the truth of the representation of the defendant. How satisfied? By the *ex parte* statements of a man who is swearing for his life or liberty? The statement of the proposition is its best refutation. Counsel for appellant, in their brief, say: "The statute must be strictly construed, and in favor of the rights of the defendant, and the order must be made if the representations of the defendant are true." We cannot agree with this proposition. It is radically wrong. The statutes and "all proceedings under them [the statutes of Idaho] are to be liberally construed, with a view to effect their objects, and to promote jus-

tice." (Idaho Rev. Stats., secs. 4, 8236.) It is a mistake which counsel engaged in the defense of persons charged with crime are prone to fall into, that criminal statutes, or at least such as are enacted for the government of criminal trials, must be construed always most favorably to the defendant. Such a construction would negative the very purpose of the law, to wit, the punishment of those guilty of a violation of the law. The law gives protection enough to the party accused of crime when it says that all presumptions of fact are in favor of the innocence of the accused, and requires proof of his guilt by competent evidence, beyond a reasonable doubt, to warrant conviction. It is going too far to say that all laws enacted for the punishment of criminals must be liberally construed in favor of the party accused of crime. Such a rule would hardly tend to the promotion of justice. To whatever cause or influence it is attributable, the fact is becoming daily more apparent that conviction for crime is, in this country, becoming one of the most problematical of all the "glorious uncertainties of the law." There seems to be a morbid sentiment in favor of criminals obtaining, the exhibition of which upon every favorable opportunity is, we think, a provocative to crime, and the recognition by the courts of every flimsy, technical pretext which the cultivated acuteness of counsel enables them to suggest for the protection of a client charged with crime is a practice with which we are not in accord. We think it eminently proper that counter-affidavits should be permitted upon an application for a change of venue in criminal cases. At the time the homicide charged in this case was committed, a most unhappy condition pervaded the county of Shoshone. On account of the labor disturbances, and the violations of law incident thereto, the county had been placed under martial law, and this condition continued to, and existed at, the time the September term of the district court for said county convened. Now, although it is a fact that the homicide of which the defendant was charged did not arise out of, and was in no way attributable to, the disturbed state of the community, or the causes from which that state arose, still we think it would have been injudicious, at least, to have entered upon the trial

of such a case under those circumstances. The defendant did not insist upon a trial at the time. The case was put over the term upon motion of the prosecution, and without objection, as appears from the record, on the part of the defendant. Had the defendant been put upon his trial at the September term we should have considered the refusal of a change of venue at that time reversible error. But the case was continued without objection, as it seems, on the part of the defendant. At the succeeding January term, on the call of the case, the defendant renewed his motion for a change of venue, and in support thereof presented the same affidavits presented at the September term, but the said affidavits were not resworn or dated anew. It is contended by counsel for appellant that, they having established the existence of certain conditions by the affidavits filed in support of the motion made for a change of venue at the September term, it will be presumed that such conditions were existing at the time of the renewal of the motion at the January term. We cannot accept this conclusion. If we are to take notice of the disturbed condition of Shoshone county in July and October, we must also take notice of the fact that in January such conditions had ceased or changed; that the county was no longer under martial law; that the troops had been removed; that, so far as the condition of the county was concerned, the *statu quo ante bellum* had been resumed. We are convinced from an examination of the record that any demonstrations hostile to the defendant, manifested at the time of the occurrence of the homicide, were largely attributable to the then condition of affairs in that community, and we are confirmed in this belief when we consider the verdict rendered, in the light of the evidence as shown by the record. Certainly, the district court was better able to judge of the condition of the county at the time of the trial than we can be, and we are not prepared to say that his action was an abuse of discretion.

The next question in the order of presentation, which we are called upon to consider, is the alleged error of the district court in allowing the jury to view the premises where the homicide was alleged to have been committed, without the

presence of the defendant. This question has been most ably
and exhaustively presented by the counsel on both sides, and
the authorities cited are as diverse as the arguments of coun-
sel. Section 7878 of the Revised Statutes of Idaho is as fol-
lows: "When, in the opinion of the court, it is proper that the
jury should view the place in which the offense is charged to
have been committed, or in which any other material fact oc-
curred, it may order the jury to be conducted in a body, in the
custody of the sheriff, to the place, which must be shown to
them by a person appointed by the court for that purpose; and
the sheriff must be sworn to suffer no person to speak or com-
municate with jury, nor to do so himself, on any subject con-
nected with the trial, and to return them into court without
unnecessary delay or at a specified time." There is no pro-
vision in the statute that the defendant shall, or may, accom-
pany the jury upon such view. The request for a view of the
premises in this case was made by the defendant; and while
there is a statement in the record "that neither the defend-
ant, nor the court, nor the judge of said court accompanied the
jury or were present at any time during the view of said
premises by said jury," etc., "and no one but the said jury
and the officers who had them in charge were permitted in said
saloon during said time," it does not appear that the defendant
or his counsel made any request that either should be allowed
to accompany the jury upon this view. We have examined
with much care the cases cited by counsel upon this question,
both in their briefs and on the argument, and we are con-
strained to hold that the weight of reason and authority are
against the contention of appellant. While we think it ad-
visable, in all such cases, to permit the defendant to be present
at such view if he so desires, we think, where neither the de-
fendant nor his counsel expressed such desire, and where the
view was had on motion of defendant, and the record does not
disclose that anything improper, or that can be construed as
prejudicial to the defendant, took place at or during the view,
no such error has been committed as would justify a reversal.
Highly respectable authorities have held a doctrine contrary
to that which we accept, but authorities equally respectable in

number and standing have held the same. We are not in accord with those authorities which hold that a view of the premises is the taking of evidence in the case. It is a means provided by the statute to enable the jury more satisfactorily to weigh the evidence. (*Sasse v. State,* 68 Wis. 530, 32 N. W. 849.) In the case under consideration the defendant took no exception to the manner in which the view was had. In view of the fact that there is nothing in the statute indicating that the presence of the defendant was intended or required, it was at least incumbent upon him to make any desire he had in that behalf manifest to the court; and by his failure to do so we think he clearly waived any right, constitutional or otherwise, he might have to be present. (*State v. Ah Lee,* 8 Or. 214; *State v. Moran,* 15 Or. 262, 14 Pac. 419; *State v. Adams,* 20 Kan. 311.)

The next error assigned by appellant is the misconduct of the jury during the trial. It seems that during the trial, and before the case was submitted, the bailiff in charge of the jury furnished them, by direction of the district judge, with whisky to the amount of one quart each morning. It does not appear —in fact, the contrary is averred by affidavit of one or more of the members of the jury—that any liquor was furnished to or had by the jury after the case was submitted to them, and before they had agreed upon a verdict. After the jury had agreed upon a verdict, it seems some beer was furnished them by the bailiff. It is not alleged nor intimated that any member of the jury was in the slightest degree overcome by liquor. While a free or unlimited indulgence in the use of intoxicating liquors by a jury, or any member thereof, while engaged in their duties as such, cannot be tolerated, still, such a limited use as may be had under and by direction of the trial court cannot, in our views, in the absence of any claim or assertion of overindulgence on the part of any member of the jury, be considered reversible error. The generally accepted rule seems to be as expressed by Thompson and Merriam in their work on Jury Trials (section 378): "But the courts generally have adopted the more reasonable rule that the fact that the jury did, during the trial of a cause, or while deliberating on their verdict, drink

intoxicating liquors, will not be ground for a new trial, unless there is some reason to suppose that such liquors were drunk at such time, or in such quantities, as to unfit them for the performance of their duties." At the same time we must express our decided disapproval of the practice of allowing jurors to indulge in intoxicating liquors while in the performance of their duties, except in cases of actual necessity.

Exception is taken by appellant to the modification by the court of certain instructions asked by the defendant, and to the refusal of the court to give certain other instructions requested by defendant. We have carefully and critically examined the instructions referred to, as they appear in the record, and we fail to find any error that can reasonably be said to have been prejudical to the defendant therein. As we find no error in the record justifying a reversal, the judgment of the district court is affirmed.

Morgan and Sullivan, JJ., concur.

## ON REHEARING.

A petition for a rehearing has been filed in this case, wherein it is alleged that this court, in passing upon the question of alleged error in the district court "in allowing the jury to view the premises in the absence of defendant and his counsel and the judge of the court, stated that the defendant waived any right, constitutional or otherwise, he might have to be present, by his failure, in the court below, to object to such view being had in his absence, and respectfully requests that further consideration be had in this regard upon the question herein involved—as to whether a defendant in a criminal action can waive any right guaranteed him by the constitution of the state."

We thought we had stated our position on this question clearly; but, that there may be no doubt as to the holding of the court upon this question, we now state that no such right as is contended for by defendant is guaranteed by the constitution of Idaho.

As to the other point raised by the petition for a rehearing, to wit, that this court did not pass upon the question as to

whether affidavits in opposition to a change of place of trial should be filed upon leave of the court first obtained, and permission given, upon such leave, to the defendant to file rebutting affidavits, we would say that we expressly decided that it was proper to admit counter-affidavits on the part of the state upon an application for a change of the place of trial in a criminal case. No question of the filing of rebutting affidavits by defendant was raised, either in the record, in brief of counsel or in the argument. It is true, counsel, in their brief, used the term "rebutting affidavits," but it is applied to the affidavits of the prosecution, and evidently means counter-affidavits. It nowhere appears that any offer was made of "rebutting affidavits" on the part of defendant. Petition for rehearing denied.

Morgan and Sullivan, JJ., concur.