(December 11, 1902.)

## BERNIER v. ANDERSON.

[70 Pac. 1027.]

NEW TRIAL—GROUNDS OF.—In granting a new trial, the grounds on which it is granted ought to be stated. However, if it is not stated, the court will examine the record to ascertain whether it contains sufficient error to warrant the granting of a new trial, and if it does, the order will be sustained.

JURY TRIAL—ESTOPPEL.—When a party goes to trial before a jury, without objection, he is estopped from predicating error on the fact that the action is a suit in equity and not triable by a jury.

IMPEACHMENT OF VERDICT—AFFIDAVIT OF JURORS.—The affidavit of a juror may be received to sustain the verdict, but not to impeach it, except where the verdict was the result of a determination by chance.

MISCONDUCT OF JURY—INTOXICATING LIQUORS.—Error may be predicated on the fact that intoxicating liquors were furnished the

jury during the trial, or during their deliberations on the verdict, as it is error for the court to permit the jurors to have such liquors, with or without the consent of respective counsel, except upon the prescription of a practicing physician. *State v. Reed,* 3 Idaho, 754, 35 Pac. 706, cited and distinguished.

INSUFFICIENCY OF EVIDENCE—SPECIFICATION OF PARTICULARS.—A specification of the particulars wherein the evidence is insufficient to justify the verdict is sufficient, under the provisions of section 4441 of the Revised Statutes, if it designates some particuar material fact in issue and avers that such fact is not justified by, or not sustained by, or contrary to, the evidence.

CONFLICT OF EVIDENCE—NEW TRIAL.—The rule that where there is a substantial conflict in the evidence the judgment will not be reversed, has no application to a trial court when exercising its jurisdiction in passing upon a motion for a new trial.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

W. B. Heyburn, John P. Gray and Jones & Morphy, for Appellants.

The record does not show the grounds upon which a new trial was granted. The granting of a new trial is largely a matter of discretion with the judge of the trial court, but as this court has held, this does not give to the trial court the power to grant a new trial, except upon one of the grounds provided by statute. In this case whether the new trial was granted on the ground that the evidence was not sufficient to support the verdict, or upon some other ground, we are not advised. No reason for setting aside the former verdict and for granting a new trial is set forth in the record. This court has heretofore held that where the record does not show the grounds upon which a new trial was granted, and no error warranting a new trial is apparent upon the record, the order granting a new trial will be reversed. (*Lowe v. Long,* 5 Idaho, 122, 47 Pac. 93; *Sweetser v. Mellick,* 5 Idaho, 783, 51 Pac. 985.) Section 4441 of the Revised Statutes of Idaho, paragraph 3, provides: "When the notice designates as the ground of the motion errors in law occurring at the trial and excepted to by the moving party, or deemed excepted to, the statement shall specify the particular

errors upon which the party will rely. If no such specifications
be made the statement shall be disregarded on the hearing of
the motion." Defendants, following the very language of this
section in their statement on motion for new trial, set forth
fifty-seven errors of law upon which they rely to secure a new
trial. Defendants rely upon the particular errors set forth,
and this court will decide these matters only. All exceptions
taken by defendants below are deemed waived if not specified
or pointed out in their statement on motion for new trial.
(*People v. Page,* 1 Idaho, 102; *Purdy v. Steele,* 1 Idaho, 216;
*Bohnert v. Bohnert,* 95 Cal. 444, 30 Pac. 590; *Fiebaugh v.
Masterson,* 1 Idaho, 135.) Section 4441 of the Revised Statutes
of Idaho must be strictly complied with as to the specifications
of error, else the statement will be disregarded. (*Partridge v.
San Francisco,* 27 Cal. 415; *Hidden v. Jordan,* 28 Cal. 302;
*Fleming v. Alleck,* 67 Cal. 226, 7 Pac. 659.) Where the errors
of law upon which a motion for a new trial was made are not
specified in the statement, it will be presumed that they were
disregarded by the court on the hearing of the motion. (*Pico
v. Cohn,* 67 Cal. 258, 7 Pac. 680.) The attorneys for both
parties agreed that the jury be permitted to use liquor in mod-
eration, and the court ordered that under the directions of the
officers such privileges be granted. There is no probability that
the privilege was ever abused. (*State v. Reed,* 3 Idaho, 754, 35
Pac. 706.) The jurors cannot be heard to impeach their own
verdict by affidavits that they or any of their number violated
their oaths or disregarded the mandates of the court as to their
conduct while considering the case. No affidavit of the jurors
alleging misconduct of the jury can be legally considered.
(*People v. Baker,* 1 Cal. 405; *Amsby v. Dickhouse,* 4 Cal. 103;
*Casto v. Gill,* 5 Cal. 41; *People v. Wyman,* 15 Cal. 70; *Turner
v. Tuolumne etc. Co.,* 25 Cal. 400; *Polhemus v. Heiman,* 50
Cal. 438.) The affidavit of a juror may be used to sustain a
verdict against an attack, but it cannot be used to impeach it,
except within the limitations of the statute. (*Wilson v. Ber-
ryman,* 5 Cal. 45, 63 Am. Dec. 78; *People v. Hunt,* 59 Cal.
432.) That the granting of a new trial is not merely a matter

of discretion, within the broad rule claimed by respondents, is determined by the constitution of Idaho as well as by the statute law of this state. Section 9 of article 5 of the constitution of Idaho provides that the supreme court shall have jurisdiction to review upon appeal any decision of the district court, or the judges thereof. No discrimination is made as between the questions that may be reviewed on appeal; no special dignity is given to any class of appealable orders or judgments over another; no different rule of determination is stated. The spirit of the constitution admits that the supreme court shall be as ready and apt to correct an error in one class or character of judgment as they are in another. If this is entirely a matter of discretion with the court below as to whether or not a new trial will be granted, and the verdict of a jury set aside, when the procuring of that verdict is the result of a long and expensive trial that may perhaps have exhausted the ability of the litigant to the extent that he would never be able again, either because of the departure of the witnesses or destruction of the means of evidence, or other circumstances readily imagined, to present his case the second time, he would thus be made the victim of the capricious order of the court, settling aside the verdict of the jury thus obtained at such labor and expense, which would result in depriving him of his right. If this is a matter resting alone in the discretion or caprice of the judge who tries the case, as to whether the solemn determination of a jury, the verdict and judgment shall be set aside merely because the thirteenth juror did not agree with the legally constituted panel, why should the statute have provided in express terms that we had the right to review in the supreme court the action of the court in granting the new trial? If no specifications as required by the statute are made, the statement shall be disregarded. The statement must contain so much of the evidence or reference thereto as may be necessary to supply the particular points thus specified and no more. The provisions in relation to the insufficiency of the evidence are as formal as those in relation to errors of law, and the requirement will be strictly enforced. (*Doherty v. Enterprise Min.*

*Co.,* 50 Cal. 187; *Rider v. Edgar,* 54 Cal. 130; *Preston v. Hearst,* 54 Cal. 596; *Lewis v. Kelton,* 58 Cal. 303; Hayne on New Trial and Appeal, sec. 150.) It is necessary to point out the specifications of "facts" as distinguished from conclusions of law on the one hand, and mere evidence on the other. General expressions of disapproval of the verdict are not such specifications as the statute requires. (Hayne on New Trial and Appeal, sec. 150; *Treat v. Forsythe,* 40 Cal. 488.) Nor must the specifications be directed at mere conclusions of law. If they run merely to legal propositions they must be disregarded. (*Moyse v. Griffith,* 35 Cal. 557, 558.)

W. W. Woods, Albert Allen, C. W. Beale and A. G. Kerns, for Respondents.

It is the duty of the trial court to grant the new trial whenever he is not satisfied with the verdict if tried by a jury, or with the findings, if tried by the court, and the rule as to conflict of evidence does not apply to the trial court. "The judge should set aside the verdict whenever he is not satisfied with it upon the evidence, and his order in that regard will not be disturbed on appeal if the evidence is substantially conflicting." (*Curtiss v. Starr,* 85 Cal. 376, 24 Pac. 806; *Dickey v. Davis,* 39 Cal. 569; *Sherman v. Mitchell,* 46 Cal. 580.) Where the evidence is conflicting upon the principal questions of fact, and the trial court sets aside the findings and grants a new trial, the appellate court must presume that the court changed its opinion as to the effect of the evidence favorable to the contention of the party against whom the finding had been made, and will not undertake to disturb the decision of the trial court. (*Condee v. Gyger,* 126 Cal. 546, 59 Pac. 26; *Churchill v. Flournoy,* 127 Cal. 355, 59 Pac. 791-793; *Byxbee v. Dewey,* 128 Cal. 322, 60 Pac. 847.) This court has already decided that in cases of appeals from an order granting a new trial the action of the lower court will not be interfered with unless the record shows an abuse of discretion on the part of the lower court. (*Jacksha v. Gilbert,* 4 Idaho, 738, 44 Pac. 555; *Brossard v. Morgan,* 6 Idaho, 479, 56 Pac. 163, and authorities cited.)

Per CURIAM.—This is an appeal from an order granting a new trial, and the appeal was first presented to this court at its April, 1902, term, and the action of the trial court in granting a new trial was sustained. A petition for a rehearing was granted, and the case was again submitted to the court on oral arguments of respective counsel and an exhaustive brief on behalf of appellants. This is an action upon an adverse claim involving the right of possession and ownership of certain premises claimed as a part of the Sixteen to One lode mining claim, situated in Placer Center mining district, Shoshone county, Idaho. The plaintiffs claim ownership of the Okanogan lode claim by virtue of a location made by Peter Bernier, John Egan, Sam Barber, and Ed. Gilgan, dated May 19, 1887. The defendants, who are respondents here, claim to be the owners of said Sixteen to One claim by virtue of a location made on October 12, 1896. The cause was tried to a jury upon the issues made by the complaint, answer, cross-complaint, and answer thereto. On the first trial the jury failed to agree, and on the second a verdict and judgment were rendered and entered in favor of the plaintiffs, who are appellants. Thereupon a motion made by the respondents for a new trial was granted by the court, and this appeal is from the order granting the new trial.

Two errors are assigned for a reversal of the order granting a new trial. The first is that the court erred in granting the motion for a new trial, and the second is that the record does not show the grounds upon which a new trial was granted. We shall first consider the last assigned error. This court, in *Lowe v. Long,* 5 Idaho, 122, 47 Pac. 93, and *Sweetser v. Mellick,* 5 Idaho, 783, 51 Pac. 985, held that, where the record fails to show the grounds upon which a new trial was granted, and no error warranting a new trial is apparent upon the record, the order granting a new trial will be reversed. The converse of that rule will warrant the appellate court in sustaining the action of the court in granting a new trial in a case where the court fails to state the grounds upon which a new trial is granted, provided it is apparent from the record that the mov-

ing party is entitled to a new trial. We have, therefore, been required to examine the record to ascertain whether there is apparent on the face of the record error sufficient to warrant the court below in granting a new trial. With that end in .view, we have made a second and third careful examination of the record. It is contended by counsel for respondents that this is a suit in equity, and the verdict of the jury was merely advisory, and for that reason the court, if dissatisfied with the verdict, was not bound by it, and could set it aside, or disregard it, and make findings of its own. A considerable portion of respondents' brief is devoted to the question whether suits like the one at bar are actions at law to be tried by a jury, or suits in equity triable by the court without a jury, and calls attention to the case of *Burke v. McDonald,* 2 Idaho, 339, 13 Pac. 351 (decided by the Idaho territorial supreme court), which holds that suits on an adverse claim are actions at law, and properly triable by a jury; and cite *Doe v. Mining Co.* (C. C.), 43 Fed. 219, and the same case on appeal to the United States circuit court, 17 C. C. A. 190, 70 Fed. 455, and the case of *Perego v. Dodge,* 163 U. S. 163, 16 Sup. Ct. Rep. 971, 41 L. ed. 113, as virtually overruling the rule laid down in the case of *Burke v. McDonald, supra,* and holding that actions brought pursuant to the Revised Statutes of the United States, section 2326 [U. S. Comp. Stats. 1901, p. 1430], are of equitable jurisdiction only, and the trial court is not bound to submit any of the issues of fact involved to a jury; and contend, that being true, the court might, at its pleasure, set aside the verdict of the jury, and no error could be predicated thereon. We do not decide whether this is a suit in equity, and the verdict of the jury only advisory to the court, or not, as the record clearly shows that counsel proceeded to the trial of this case upon the theory that it was an action at law, and it was so tried. It is now too late for them to complain of the action of the court in that regard. This case, as presented to us, must be heard and determined upon the theory on which counsel for the respective parties presented the same to the trial court without objection or exception.

It is contended by counsel for appellants that the motion for a new trial was granted solely and only on the question as to whether or not the action should be tried as one at law or one in equity. That may be true, but the record does not support that contention; for, if the court considered this a suit in equity, and the verdict of the jury advisory only, after setting aside the verdict the court would have proceeded to have found the facts which, in its opinion, were established by the evidence, and entered judgment thereon, which it did not do. From that fact it would appear that the judge did not grant a new trial solely and only on the ground that he considered this a suit in equity, and that the court had erred in submitting said case to a jury, or that the verdict was merely advisory.

It is contended that the misconduct of the jury in drinking large quantities of intoxicating liquors during the trial, and during its deliberations, was sufficient ground for granting a new trial. It appears from the record that a request was made "on behalf of some of the jurors, by the under-sheriff of the court, that certain of the jurors should be allowed to have an occasional drink of liquor at their meals, as they were in the habit, in ordinary life, of drinking more or less, and that such concession was necessary for their health." Thereupon the court stated the request to counsel for the respective parties, and they stated to the court that they had no objection to the jury being furnished with such liquors in such quantity as indicated in the request to the court. The court then stated that it would allow the jury to have liquors in moderate and reasonable quantities under the direction of the court and bailiffs. The affidavits of several of the jurors are contained in the transcript showing that beer and whisky cocktails were furnished to some of said jurors in considerable quantities; but under the statutes of this state the affidavit of a juror cannot be received to impeach his verdict, except that the verdict was obtained by "resort to a determination of chance." (Rev. Stats., sec. 4439; *Flood v. McClure,* 3 Idaho, 587, 32 Pac. 254; *Griffith v. Montandon,* 4 Idaho, 377, 39 Pac. 548; *Jacobs v. Dooley,* 1 Idaho, 41.) From a careful examination of the competent affi-

davits in regard to the misconduct of the jury, while they show that considerable liquor was furnished to the jury during its deliberations, we shall not hold, under the facts of this case, that the judge was justified in granting a new trial on that ground, under the decision of this court in *State v. Reed,* 3 Idaho, 754, 35 Pac. 706.

It is contended that the practice of permitting jurors to have intoxicating liquors during the trial has been sanctioned by this court in the case of *State v. Reed, supra.* In that case the court refused to set aside the verdict, although it was shown that the jury had used intoxicating liquors. The court there said: "It is not alleged or intimated that any member of the jury was in the slightest degree overcome by liquor. While a free or unlimited indulgence in the use of intoxicating liquors by a jury, or any member thereof, while engaged in their duties as such, cannot be tolerated, still such a limited use as may be had under and by direction of the trial court cannot, in our view, in the absence of any claim or assertion of overindulgence on the part of any member of the jury, be considered reversible error." It was not intended nor does the court in that decision sanction the use of intoxicating liquors by jurors during the trial or during the deliberations of the jury, and we now lay down the rule that it is error to permit a juror to use intoxicating liquors during the trial of a case or during the deliberations of the jury on its verdict, unless it is done with the permission of the court, upon the prescription of a practicing physician; thus distinguishing or modifying the decision in the case of *State v. Reed, supra.*

Counsel for appellants contend that respondents' specifications of particulars wherein the evidence is insufficient to justify the verdict is not a compliance with the provisions of subdivision 3, section 4441, of the Revised Statutes, to authorize the court to consider them. It is contended that said specification is an argumentative presentation of respondents' case; that it is simply a discussion of the points upon which they rely. While said specifications are not a model that we would recommend, we think they are sufficient, in substance and form, to au-

thorize the trial court to consider them, and to determine whether the evidence was sufficient to sustain the verdict. If the specifications designate some particular fact, and aver that it is not justified by, or not sustained by, or contrary to, the evidence, they are sufficient. The following specification was held sufficient, to wit: "The evidence is insufficient to show that plaintiff was the owner of the land at the time of this sale." (*Kelly v. Mack*, 49 Cal. 524.) From a most careful examination of the evidence we think the court did not err in granting a new trial on the ground of its insufficiency to sustain the verdict. It is therefore apparent from the face of the record that the court did not err in granting a new trial.

It is contended that, where there is a substantial conflict in the evidence, the trial court should not grant a new trial on the ground of the insufficiency of the evidence to sustain the verdict, and that as there is a substantial conflict of the evidence in this case a new trial could not be legally granted on that ground. While that is a well-observed and recognized rule, when applied to appellate courts, it has no application to trial courts when exercising its jurisdiction in passing upon motions for a new trial. We conclude that the judge, in granting a new trial, did not abuse the legal discretion vested in him, and committed no error therein.

Order appealed from affirmed; costs awarded to respondents.