(February 27, 1895.)

## GRIFFITHS v. MONTANDON.

### [39 Pac. 548.]

IMPEACHMENT OF VERDICT—AFFIDAVIT OF JURORS.—Affidavits of jurors, under the provision of subdivision 2, section 4439 of the Revised Statutes, cannot be received for the purpose of impeaching their verdict, unless it is a verdict obtained by a resort to the determination of chance.

SAME.—Said subdivision 2, section 4439, is not punctuated the same as the corresponding provision is punctuated in the Code of Civil Procedure of California, but the change was made by the printer, and not by the legislature or code commissioners.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.

SULLIVAN, J.—The plaintiff brought this suit to recover the value of certain Logan county warrants, which, it is alleged, were wrongfully taken from him by one Edwin Cooper, and sold to the appellant. The defendant denied that the warrants were wrongfully taken from the plaintiff, and averred, as a separate defense, that, if taken without plaintiff's leave or consent, they were taken because of such gross negligence of

plaintiff as to amount to consent, and that, if plaintiff was damaged thereby, it was damage without injury. The cause was tried by the court with a jury, and verdict and judgment given and entered against the defendant. The defendant moved for a new trial, which was denied, and this appeal is from the judgment and the order overruling the motion for a new trial.

It is contended by the appellant that, because of certain irregularity and misconduct of the jury, a new trial should have been granted. The alleged misconduct was shown by the affidavits of T. A. Starrh and A. Wolters, two of the jurymen who rendered the verdict complained of, and consisted in the plaintiff's going to the Ore Sampling Mill, in the town of Hailey, where it is alleged the theft of the said county warrants occurred, and showing eight of the jurymen the safe in which said warrants were kept, and explaining to them how said theft was committed, and how it was discovered. The language used by A. Wolters in his said affidavit is as follows: "Said John C. Griffiths met affiant and his said cojurors at said office and safe, and then and there showed him and them about, explained how the theft was done, how he discovered it, and for the purpose replaced the inner lock of the said safe, to better explain the same." Counsel for respondent contend that said affidavits cannot be considered on this appeal, for the reason that they were not filed with the clerk, and copies served on the adverse party, as required by subdivision 1, section 4441 of the Revised Statutes. This question was raised by counsel for the respondent on the settlement of the statement or bill of exceptions. They asked to have said affidavit stricken from the statement, which motion the court denied. We shall consider the statement as settled by the judge, and found in the record. Respondent contends that the affidavit of a juror cannot be received to impeach the verdict, except when one or more of the jurors have been induced to assent to a verdict by a resort to the determination of chance, and cites subdivision 2, section 4439 of the Revised Statutes, which subdivision provides that for certain causes a verdict may be set aside or vacated, and is as follows: "2. Misconduct of the jury; and when any one or more of the jurors have been in-

duced to assent to any general or special verdict, or to a find-
ing on any question submitted to them by the court, by a re-
sort to the determination of chance. Such misconduct may
be proved by the affidavit of any one of the jurors." That sec-
tion is identical with section 957 of the Code of Civil Proce-
dure of California, and was copied from it. Prior to the adop-
tion of subdivision 2 of said section, as it now stands, by the
legislature of California, the supreme court of that state es-
tablished the rule that the affidavit of a juror must not be re-
ceived to defeat his own verdict. (*People v. Baker,* 1 Cal.
405.) The same rule was declared in *Amsby v. Dickhouse,* 4
Cal. 103; *Castro v. Gill,* 5 Cal. 42; *People v. Wyman,* 15 Cal.
75.) This was the established rule in California until 1862,
when said subdivision 2 was so amended as to permit the affi-
davit of jurors to be considered on application to set aside a
verdict on the ground that it was obtained by "a resort to
the determination of chance." In *Turner v. Water Co.,* 25 Cal.
397, referring to the change made by the statute, the court
says: "But this rule of the common law has been changed in
this state, to a certain extent, by statute. The second sub-
division of the one hundred and ninety-third section of the
Practice Act provides that the misconduct of the jury shall be
cause for new trial"—and then quotes the greater portion of
said subdivision 2, and holds that the affidavits of jurors can-
not be received for the purpose of impeaching their verdict,
unless it is a verdict obtained by "a resort to the determina-
tion of chance." The same construction is placed upon said
statute by numerous California decisions. (See *Boyce v. Stage
Co.,* 25 Cal. 460; *People v. Hughes,* 29 Cal. 262; *People v.
Hunt,* 59 Cal. 430; *People v. Gray,* 61 Cal. 183, 44 Am. Rep.
549.)

It is urged that, as said subdivision 2 of section 4439 is
not punctuated the same as the corresponding section of the
Code of Civil Procedure of the state of California, a different
construction was intended. While that is true, it is also true
that in the original manuscript of the Revised Statutes of 1877,
as prepared by the code commission and adopted by the legis-
lature, said subdivision 2 is punctuated the same as the corres-
ponding subdivision 2 of the California Code of Civil Pro-

cedure is punctuated, thus showing that the change in punctuation, as the change in capitalization, was made by the printer, and not by the code commission or the legislature. We think the intention of the legislature was to adopt the rule that affidavits by jurors should not be received to impeach their verdict, except when a verdict has been obtained by "a resort to the determination of chance." It follows that the affidavits in this case cannot be received for the purpose of impeaching the verdict for the misconduct set forth in the affidavits.

The main point in issue in this case was the ownership of the warrants. The testimony on that issue was conflicting, and it is admitted by the record that the evidence justified the verdict of the jury. When there is a substantial conflict in the evidence, the verdict of the jury will not be disturbed on a question of fact. (*O'Connor v. Langdon,* 3 Idaho, 61, 26 Pac. 659; *Chamberlain v. Woodin,* 2 Idaho, 642, 23 Pac. 177.)

It is further contended by appellant that certain instructions given did not correctly state the law on the question of negligence. We have examined the question of negligence, as raised by the pleadings and shown by the proof, and are of the opinion that the record contains no evidence of negligence on the part of the respondent. Therefore, no instructions were necessary upon that issue. The court, no doubt, gave the instructions referred to, thinking that on the issue of negligence the jury might consider there was some evidence; but, as there was none, the giving of the instructions, if erroneous, did not prejudice the appellant. The judgment of the court below is affirmed, with costs of this appeal in favor of respondent.

Morgan, C. J., and Huston, J., concur.