(December 4, 1905.)

## BUCKLE v. McCONAGHY.

[83 Pac. 525.]

NEW TRIAL — ORDER — PREMATURELY MADE — STATEMENT ON—SETTLED AND FILED—MANDATORY.

1. An order granting a new trial made before the statement on which the motion is based is settled and filed is prematurely made and must be set aside.

2. The provisions of section 4442 of the Revised Statutes contemplate that a motion for a new trial shall not be passed upon before the statement of the case upon which such motion is based is settled and filed.

3. The provisions of that section in that regard are mandatory.

(Syllabus by the court.)

APPEAL from the District Court of Kootenai County. Honorable Ralph T. Morgan, Judge.

Appeal from an order granting a new trial. Reversed.

The facts, so far as material, are stated in the opinion.

Charles L. Heitman, for Appellant.

Section 4442 of the Revised Statutes of Idaho provides that the application for a new trial shall be heard after the affidavits, bill of exceptions, or statement, as the case may be, are filed. A statement on a motion for a new trial can only become a part of the record by the certificate of the judge who tried the case. (*Waggenheim v. Hook*, 35 Cal. 216; *Hyde v. Harkness*, 1 Idaho, 623; *Stevens v. Northwestern Stage Co.*, 1 Idaho, 604.)

Edwin McBee, for Respondent, cites no authorities upon the point decided.

SULLIVAN, J.—This is an appeal from an order granting a new trial, which order was based on the insufficiency of the evidence to justify the verdict. It appears from the record before us that the order granting a new trial was made in open court on the fifteenth day of May, 1905, and that the

statement on motion for a new trial was not settled until the thirty-first day of May, 1905, and not filed until the first day of June, 1905. Counsel for the appellant contends that the court had no jurisdiction to act upon said motion until after the settlement and filing of the statement to be used on that motion.

Section 4442 of the Revised Statutes is in part as follows: "The application for a new trial shall be heard at the earliest practicable period after notice of the motion, if the motion is to be heard upon the minutes of the court, and in other cases, after the affidavits, bills of exceptions, or statement, as the case may be, are filed, and may be brought to a hearing upon motion of either party." Those provisions clearly contemplate that the hearing of the motion for a new trial based upon a statement of the case must not be heard until after such statement is settled and filed. In *Stevens v. Northwestern Stage Co.*, 1 Idaho, 604, the supreme court of this territory said: "Again, it appears that the statement was not settled until after the decision of the court upon the motion, for the order of the court granting a new trial and the plaintiff's exceptions thereto are incorporated into and form a part of the statement itself. This practice cannot be too strongly condemned. The whole theory of the use of a statement is that the court may have something definite and certain upon which to act. Any other practice would lead to great confusion, giving rise to controversies as to what state of facts the court had acted upon after the very questions in issue had been decided."

The provision of the statute requiring the settlement and filing of the statement on motion for a new trial before the court or judge can decide such motion is mandatory. (See 2 Spelling on New Trials, sec. 425.) In this case the order granting a new trial was made in open court on the 15th of May, and the statement was not settled until the 31st of May following, and was not filed until the 1st of June, 1905. Said order granting a new trial was therefore prematurely made

and must be set aside, and it is so ordered, and the cause remanded. Costs of the appeal are awarded to the appellant.

Ailshie, J., concurs.

### ON PETITION FOR REHEARING.

(December 30, 1905.)

AILSHIE, J.—Respondent has filed a petition for rehearing in which it is insisted that previous to the submission and determination of the motion for a new trial, the appellant's counsel joined with counsel for respondent in a stipulation which amounts to a waiver of any error committed by the court in prematurely passing on the motion. This stipulation is as follows: "It is hereby stipulated and agreed that the motion of the defendant for a new trial herein be submitted to the court without argument, and without further notice to each party. And it is further hereby stipulated and agreed that the proposed amendment of the plaintiff to the defendant's statement of the case, to be used on his motion for a new trial herein, may be adopted, and allowed by the court, and incorporated in said statement of the case. Signed and dated this the twelfth day of December, A. D. 1904." An examination of the stipulation will at once disclose that the appellant only waived the right to make an argument upon the motion and notice of the time and place of the submission of the motion. The stipulation does not amount to a submission of the motion for a new trial as contended for by respondent, but, on the contrary, it specifically refers to the fact that the statement had not yet been settled. The clear import of this stipulation is that the motion should be presented and submitted in an orderly way, and after the settlement and allowance of the statement. The stipulation further recognizes the fact that the motion for new trial was to be made upon the statement which was thereafter to be settled and allowed by the court. We do not think the error in this case was either invited or waived by appellant. The case of *Crosby v. North Bonanza Silver Min. Co.,* 23 Nev. 70, 42 Pac. 583, cited and relied on by respondent, differs from this case

in that the stipulation which was there held to be a waiver of error provided "that defendant's motion for a new trial is hereby submitted to Hon. A. E. Chaney, who presided as judge in the above-entitled action, for his decision." That stipulation, it will be observed, provided for an act *in praesenti*. It was an actual, present submission of the motion for a new trial, and left nothing further to be done antecedent to the determination of the motion by the court. We have found no good reason why a rehearing should be granted in this case. Upon receipt of the *remittitur* the trial court will take such further proceedings as may be necessary for the regular and orderly determination of the motion for a new trial.

Petition for rehearing denied.

Sullivan, J., concurs.