(February 2, 1906.)

## JONES v. CAMPBELL.

[84 Pac. 515.]

NEW TRIAL—DISCRETION OF THE COURT—SUBSTANTIAL CONFLICT IN. EVIDENCE.

1. Unless it appears from the record that the judge has abused his discretion in granting a new trial, his action therein will not be reversed on appeal.

2. The rule that where there is a substantial conflict in the evidence the verdict of a jury or findings of the court will not be set aside on appeal, does not apply to a trial court on an application for a new trial.

3. The trial court having seen the witnesses on the stand, observed their demeanor and heard them testify, should, on proper application, grant a new trial regardless of the conflict in the evidence, if he concludes that there has been a miscarriage of justice by the verdict of the jury.

(Syllabus by the court.)

APPEAL from District Court of Washington County. Honorable Frank J. Smith, Judge.

This is an appeal from an order granting a new trial. Order sustained.

The facts are stated in the opinion.

Lot L. Feltham, for Appellant, cites no authorities on the points decided.

Harris & Smith, for Respondent, cite no authorities on the points decided.

SULLIVAN, J.—This is an action brought by the respondents, as copartners, to recover from the appellant the sum of $1,000, alleged to be due them on a certain contract for the purchase and delivery of certain cattle, and for damages. The respondents alleged in their complaint that on or about the fifth day of August, 1904, they entered into a contract with the appellant for the purchase of eighty head of beef steers, aged three years and upward, for which respondents agreed to pay the appellant, and the appellant agreed to accept, the following prices therefor per head, to wit: For seventy head, $31 per head, and ten head $26 per head, and in addition thereto, all two year old steers that the appellant might have at the date of the delivery, which were at that time in condition for beef, $22.50 per head. It is further alleged that the respondents advanced to appellant the sum of $500 as part of the purchase price for the said steers, and that the appellant thereafter refused and neglected to deliver said steers or any part thereof, or to return the money paid or any part thereof. Respondents pray for judgment against the appellant for the $500 advanced and paid on said steers, and $500 damages sustained by them.

The appellant answered and denied generally and specifically every allegation of the complaint, and set up as a further defense that the appellant did sell to the respondents seventy head of steers at the agreed price of $31 per head, and ten head of steers at the agreed price of $26 per head, all of which steers were three and four years of age, and also all of the appellant's two year old steers then owned by him that were in fit condition for beef at the agreed price of $22.50 per head; that the appellant agreed to deliver all of said cattle to respondents at Meadows, Idaho, on the twentieth day of September, 1904; that at the time of making said contract, and in order to bind the bargain and insure the performance of the said contract on the part of appellant, the respondents advanced to appellant upon account of said purchase price the sum of $500; that the appellant performed all and every of the terms and conditions imposed upon him in said contract, and fully complied with the said contract in every way,

and was at the agreed time of delivery ready, willing and able to deliver the said cattle in accordance with the terms of the said contract, and offered to deliver the same upon the terms and conditions thereof; that respondents, in open violation of the terms and conditions of the contract, refused to accept and receive said cattle, and refused to pay the appellant the price agreed to be paid therefor, and refused to comply with the terms and condition of the said contract, and prays that this action may be dismissed at respondents' costs, and that the said sum of money so paid to the appellant be declared to be forfeited to respondents as damages for appellant's failure to comply with the terms of said contract.

The cause was tried to a jury, and a verdict was rendered for the defendant, and judgment was duly entered declaring the $500 so paid to be forfeited to defendant as damages for plaintiffs' failure to comply with the terms of their said contract, and for costs of suit. A motion for a new trial was thereafter made, based upon a statement of the case, which statement contained the evidence given on the trial, and the instructions given by the court to the jury. The court granted a new trial and this appeal is from the order granting the new trial. It does not appear from the record whether the new trial was granted on the ground of the insufficiency of the evidence to justify the verdict or because of errors in law occurring at the trial. In the oral arguments of the respective counsel before this court and also by their briefs the main question discussed is: "Has a vendee a right to recover back the money paid by him to bind the bargain in a contract for the purchase of personal property, when the contract has been violated by him and the vendor is not in fault?" The majority of the court conclude that it is not necessary to pass upon that question on this appeal; that appellant assigns but one error, which is as follows: "The district court erred in granting a new trial in this case, for the reason that said order is contrary to law and is not justified or warranted by the evidence in the case; that the verdict of the jury was not contrary to the evidence or to the instructions given by the court and was justified by the evidence;

that the judgment herein is warranted by the evidence and the instructions of the court and should not be reversed." That said assignment amounts to only one thing, and that is the verdict of the jury was not contrary to the evidence, and therefore the trial judge erred in granting a new trial: The appellant does not complain of the giving of any instructions, nor of any other ruling of the trial court; that the question, therefore, of the correctness of any instruction given or error committed by the court is not before this court for decision, and as there is a substantial conflict in the evidence, the majority of the court conclude that the judge did not err in granting a new trial. However, it is contended by counsel for appellant that as there was a substantial conflict in the evidence, a new trial should not have been granted, and cites in support of that contention a number of Idaho authorities which hold that it is the settled practice of this court where there is a substantial conflict in the evidence, the verdict of the jury or findings of the court will not be disturbed on appeal. That rule, however, is not applicable to the trial court when passing upon a motion for a new trial, for if there is a substantial conflict in the evidence, the trial court having seen the witnesses on the witness-stand, observed their demeanor and heard them testify, on proper application should grant a new trial regardless of such conflict if he concludes that there has been a miscarriage of justice by the verdict of the jury. We do not overlook the rule that the jurors are the exclusive judges of the weight to be given to the testimony and of the credibility of witnesses.

The order of the court granting a new trial is affirmed, with costs in favor of respondents.

Stockslager, C. J., and Ailshie, J., concur.