(October 25, 1921.)

DAVID W. SEAMONS, Appellant, v. WILLIAM C. DAVIS and ALTENA DAVIS, His Wife, Respondents.

[201 Pac. 716.]

ORDER GRANTING NEW TRIAL—DISCRETION OF COURT—CONFLICTING EVIDENCE.

Where there is a substantial conflict in the evidence and the trial court, who heard and saw the witnesses testify and observed their demeanor on the witness-stand, grants a motion for a new trial, if it does not affirmatively appear that such court abused its discretion, such action will not be reversed on appeal.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action for damages. From order granting new trial, plaintiff appeals. *Affirmed.*

H. B. Thompson and Swanson & Tydeman, for Appellant.

In an order such as the one here made by the trial court, where a new trial was granted without specifying the ground or grounds on which the order was entered and the new trial granted, it becomes necessary for the appellate court to examine the record and ascertain if the order can be sustained on any ground named in the motion and assignments and specifications of errors. (*Buckle v. McConaghy,* 12 Ida. 733, 88 Pac. 100; *Lowe v. Long,* 5 Ida. 122, 47 Pac. 93; *Sweetzer v. Mellick,* 5 Ida. 783, 51 Pac. 985; *Smith v. Wallace Nat. Bank,* 27 Ida. 441, 150 Pac. 21; *Wood Livestock Co. v. Woodmansee,* 7 Ida. 250, 61 Pac. 1029; *Clifford v. Denver, S. P. & P. R. Co.,* 12 Colo. 125, 20 Pac. 333; *Gray v. Pierson,* 7 Ida. 540, 64 Pac. 233; *Bernier v. Anderson,* 8 Ida. 675, 70 Pac. 1027.)

Budge & Merrill, for Respondents.

This is a case in which the trial court might properly exercise its discretion, and even if we grant that there is a conflict in the evidence on all points (which we deny), this court will not disturb the order of the trial court which grants a new trial. (*Cox v. Cox,* 22 Ida. 692, 127 Pac. 679; *Baillie v. City of Wallace,* 22 Ida. 702, 127 Pac. 908.)

DUNN, J.—Appellant brought this action to recover $1,000 damages for alleged shortage of water occasioned by the failure of defendants to convey title to water sufficient to irrigate twenty acres of land according to the terms of a certain deed made by respondents to appellant. The case

was submitted to a jury and a verdict rendered giving appellant $800. Respondents moved for a new trial on the ground of the insufficiency of the evidence to justify a verdict and errors in law occurring at the trial and excepted to by the defendants. The motion was granted and this appeal was taken from the order granting it.

Appellant assigns and relies upon this error: "The court erred in granting defendants' motion for a new trial."

We have carefully examined the record in this case and find a substantial conflict in the evidence. The trial court heard and saw the witnesses testify and observed their demeanor on the witness-stand, and it does not affirmatively appear from the record that the court erred in granting a new trial. Under the repeated decisions of this court the action of the trial court in such case will not be disturbed on appeal. (*Cox v. Cox,* 22 Ida. 692, 127 Pac. 679; *Baillie v. City of Wallace,* 22 Ida. 702, 127 Pac. 908, and cases cited in both of these decisions.)

Judgment affirmed. Costs to respondent.

Rice, C. J., and McCarthy and Lee, JJ., concur.

Budge, J., did not sit at the hearing and took no part in this decision.