(No. 5155.   December 18, 1928.)

HELENA F. THIBADEAU, Respondent, v. CLARINDA COPPER MINING COMPANY, a Corporation, Appellant.

[272 Pac. 254.]

E. W. Wheelan, for Appellant.

James F. Ailshie, for Respondent.

BAKER, District Judge.—This is an action to recover damages. The plaintiff alleges, in substance, that for more than twenty years prior to the commencement of the action she had been entitled to the use of the waters of a certain spring and creek for domestic purposes in her home and

for the irrigation of her lawn, trees and garden; that during the summer of 1922 the defendant unlawfully extended a tunnel beyond the limits of its mining property and into the adjoining ground of the Copper Giant Mining Company and there intersected a laminated vein of slate over which flowed the waters of the creek which were at a lower point diverted by plaintiff; that as a result of the tapping of this slate vein, a vent was created through which the waters to which plaintiff was entitled escaped into defendant's tunnel and were by it carried away and that such diversion was permanent. She alleges that ''to procure and build another system capable of supplying her demands would cost at least $1499, and that by reason of the loss of the use of said water system she had been damaged in the sum of $1500,'' and that by reason of the defendant's unlawful and negligent acts she had been damaged in the total sum of $2,999, in which sum she prayed judgment.

By answer the defendant specifically denied each allegation contained in plaintiff's complaint and set forth three affirmative defenses. Of these, only the allegation that the drainage of the spring and creek resulted from proper mining operations by defendant on its own property is now important.

The jury returned a verdict in favor of plaintiff for the sum of $2,700 and on the same day judgment for that sum was signed. No appeal was taken from the judgment. On June 2, 1927, defendant served its notice of motion for new trial and on June 25, applied for and procured order from the trial judge directing the reporter to prepare and lodge within forty days from that date a transcript of the proceedings had on the trial. Upon application of the reporter, the time was extended. On August 17, the reporter's transcript was mailed to the attorney for plaintiff from the office of defendant's attorney. On October 28, counsel for defendant addressed to plaintiff and to her attorney notices that on November 5, he would bring in for hearing before the Honorable Miles S. Johnson, the presiding judge, at Lewiston, defendant's motion for new trial and would

apply, at the same time and place, for order settling the reporter's transcript. Counsel for plaintiff, at the time fixed in the notices, objected to the hearing of the motion for new trial and to the settlement of the reporter's transcript upon the ground that the trial court had lost jurisdiction to pass upon the motion or settle the transcript for the reason that the judgment had become final before the motion for new trial was made or presented and that defendant had been guilty of inexcusable delay and laches. The objection, as well as defendant's oral motion for new trial made at the hearing, were overruled. From the order denying a new trial the defendant has appealed.

Respondent here moves to dismiss the appeal and to strike the reporter's transcript upon the grounds urged in her objections.

No specific time is fixed by statute within which the motion for new trial must be made or heard. It is required only that the motion be heard at the "earliest practicable period" after notice of motion (C. S., sec. 6891). While the successful party on the trial is not required to bring the notice to the attention of the trial court, he is permitted by said section 6891 to do so and is not under the necessity of awaiting the convenience of the moving party. There is no statutory requirement that the motion for new trial be submitted and determined before the expiration of the time allowed for appeal from the judgment. What that "earliest practicable period" is depends upon the circumstances of the particular case.

We are not disposed to disturb the rule announced by this court in *Times Printing & Publishing Co. v. Babcock*, 31 Ida. 770, 176 Pac. 776, that: "the notice of motion for new trial, if filed within the time required by statute, continues the jurisdiction of the trial court to rule upon the merits of the motion, and that, where as in this case the court expressly finds that the moving party exercised due diligence, this jurisdiction is not affected by the expiration of the time within which an appeal may be taken from the judgment. . . . . "

■ While there was not an express finding that the motion for new trial had been brought on for hearing at the earliest practicable period, the objections were denied. This amounts to a finding that the defendant was not guilty of inexcusable delay and that the motion was presented at the earliest practicable period.

■■ Respondent filed her motion to strike assignments of error, numbered 1 to 21, both inclusive, upon the ground that they are insufficient. The first assignment is general and is that the court erred in denying appellant's motion for new trial. While this assignment, standing alone, might be insufficient, it is amplified by the specifications and argument which follow. The second assignment is that the presiding judge was without jurisdiction to hear the cause and that error was committed in setting the case for trial. This assignment received no further consideration in appellant's brief, was not mentioned in oral argument and no authorities are cited in support of it. This assignment is insufficient. (*Farrar v. Parrish,* 42 Ida. 451, 245 Pac. 934.) The third assignment is that the verdict is excessive and appears to have been given under the influence of passion and prejudice, and the fourth is that "the evidence is insufficient to justify the verdict and the verdict is against the law." Assignments numbered 5 to 14 are simply that the court erred in giving a particular instruction and assignments numbered 15 to 20 are that the court erred in refusing to give requested instructions. Assignment numbered 21 is that the court erred in failing and refusing to give an instruction on the measure of damages.

The brief contains a distinct enumeration of the several errors relied upon. In the portion of the brief devoted to argument, the various assignments of error except the first and second are repeated and discussed at length. The insufficiency of the evidence to support the verdict is pointed out and particular statements are made of the reasons for the other assignments. No difficulty is experienced in ascertaining appellant's position.

The respondent owned a tract of land in area slightly in excess of one-third of an acre upon which she had her home and resided. To provide water for use in her home, for the irrigation of her garden and lawn and for fire protection, she had appropriated certain of the waters of a spring or creek on a nearby mountain upon which the appellant owned and was operating mining claims. The water was diverted from the creek some distance below its source at the spring. A pool was made in the creek by means of a small dam. Water was carried from the pool to a barrel by means of a drain-pipe and was conducted to respondent's home, a distance of 317 feet, through a half-inch pipe. It is not seriously contended that the spring and creek did not become dry as a result of the construction of appellant's tunnel but it is insisted that the injury complained of followed legitimate and proper mining operations on appellant's property and that no liability exists.

Appellant contends the court erred: 1. In refusing to give requested instructions to the effect that it was not liable for damages resulting from proper mining operations on its own property; 2, in adopting an incorrect rule by which respondent's damages were to be measured and in refusing to give the correct rule incorporated in requested instructions; 3, in permitting witnesses to testify as to value without preliminary proof that they were acquainted with its value and competent to testify; and 4, in admitting evidence of the construction by appellant of a bulkhead in its tunnel.

We are of the opinion there was no substantial error in giving or refusing to give instructions except as to the measure of damages.

The appellant requested the court to instruct the jury in substance that if the respondent was entitled to recover, the measure of her damage would be the difference between the value of the property with water right immediately prior to the destruction of such water right and its value after the destruction and without the water right. The request was refused. The court regarding the action as one to recover the value of the water right separate and apart from the land and not one to recover damages to the real property

by reason of the destruction of the appurtenant water right, instructed the jury that the "measure of damages will be the value of the water right at the time of its destruction, if it was wholly destroyed, or the amount of damages done thereto, if it was not wholly destroyed but only partially impaired or destroyed."

It is not necessary to determine whether facts may exist to warrant recovery for loss of water right as independent property. It is clear that such was not respondent's theory when the complaint was prepared. From the allegations referred to it was evidently her understanding that another water right could be procured at a cost of $1,499 and that the damage she had sustained while she was deprived of the use of such water was $1,500.

There was no evidence that there was any demand for a water right of that size or that the water right as independent property was a commodity having any value. From the conditions disclosed by the record, it seems that the water right was valuable only when applied to the particular use to which respondent applied it and only an owner of her property would sustain substantial loss by its destruction. The particular use gave it value. Without the land the water would appear to be but little, if any, value.

██ In cases of this character the general rule is: If the injury is permanent or irreparable, the measure of damage is the diminution in value of the property to which the water right is appurtenant, that is, the difference between the value of the property before and after the injury. If the injury is susceptible of repair or if an adequate water right can be procured, the measure is the reasonable cost of restoration or replacement plus reasonable compensation for the loss of its use in the meantime unless such cost exceeds the difference in value before and after the injury. (27 R. C. L. 1122; 40 C. J. 632; *De Freitas v. Town of Suisun,* 170 Cal. 263, 149 Pac. 552; *Ohio Collieries Co. v. Cocke,* 107 Ohio St. 238, 140 N. E. 356; *Sun Co. v. Gibson,* 295 Fed. 118; *Rabe v. Shoenberger Coal Co.,* 213 Pa. 252, 5 Ann. Cas. 216, 62 Atl. 854, 3 L. R. A., N. S., 782; *Reynolds v. Braithwaite,* 131 Pa. 416, 18 Atl. 1110; *Lee v. Springfield*

*Water Co.,* 176 Pa. 223, 35 Atl. 184; *Weaver v. Berwind-White Coal Co.,* 216 Pa. 195, 65 Atl. 545; *Maynard v. Nemaha Valley Drainage District No. 2,* 94 Neb. 610, 143 N. W. 927, 52 L. R. A., N. S., 1004; *Manda v. City of Orange,* 77 N. J. L. 285, 72 Atl. 42; *Sparks Mfg. Co. v. Newton,* 60 N. J. Eq. 399, 45 Atl. 596.)

There was no testimony on behalf of respondent as to the value of the property with water right or without it and no attempt was made to establish value of the property either before or after the water right was destroyed. The property with water right had a value and the damages could not exceed that sum. Without water right it undoubtedly had some value. The difference is the true measure.

Complaint is made of the action of the trial court in permitting the witnesses Thompson, Armstrong and respondent to give an opinion as to value of the water right in the absence of any proof that they were acquainted with the value of such property or competent to express an opinion. The owner of the property is presumed to be acquainted with its value and can give an opinion on that subject. (*Rankin v. Caldwell,* 15 Ida. 625, 99 Pac. 108; *Kellar v. Sproat,* 35 Ida. 273, 205 Pac. 894.) As against the objection urged, there was no error in permitting respondent to testify. Evidence as to value is generally required to be given by experts (*Kellar v. Sproat, supra*), and one not acquainted with land or its value is not competent to testify as to value. (*Idaho Farm Dev. Co. v. Brackett,* 44 Ida. 272, 257 Pac. 35; *De Freitas v. Town of Suisun, supra.*) While it is true the weight to be given to the testimony of a witness as to value of property is for the jury, the question of whether the witness is qualified to speak and therefore whether the evidence is admissible is for the court. (*Carscallen v. Coeur d'Alene etc. Co.,* 15 Ida. 444, 16 Ann. Cas. 544, 98 Pac. 622; *Austin v. Brown Bros. Co.,* 30 Ida. 167, 164 Pac. 95; *Hard v. Spokane International Ry. Co.,* 41 Ida. 285, 238 Pac. 891.) Our attention has been directed to no authority permitting one not the owner of property to testify as to its value without preliminary proof of his competency to express an opinion.

The witness, Francis A. Thompson, testified that he was a mining engineer by profession and the Dean of the School of Mines of the State University. He detailed the matters which came to his attention while examining as a mining engineer, the property and tunnel of the appellant. Without further qualification and over appellant's objection the court reluctantly permitted him to give his opinion as to the value of the water right to respondent's property. On cross-examination he stated that he had no information whatever on matters relating to irrigation. The witness Armstrong testified that for forty years he had been a mining engineer. The trial court did not regard him as possessing sufficient knowledge of values to enable him to qualify as an expert but permitted him to express an opinion. It cannot be said that the opinions of these witnesses as to value were not considered by the jury and the admission of their testimony was not prejudicial. (*De Freitas v. Town of Suisun, supra.*)

Finally it is contended the trial court erred in receiving evidence of the construction by appellant after the commencement of this suit of a bulkhead in its tunnel at a point where the tunnel had passed beyond the limits of appellant's property. This testimony was to the effect that the water was spouting through cracks and crevices in the bulkhead. The logical inference was that the water-laden formation was tapped by the tunnel after it had passed beyond appellant's boundary lines and supported respondent's position that the damage resulted from a trespass by appellant on the property of another instead of from proper mining operations on its own property. There was no error in admitting such evidence.

The order denying new trial is reversed and the cause remanded for new trial. Costs to appellant.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.

Petition for rehearing denied.