(No. 5858.   January 26, 1933.)

WILLIAM H. PALMER, for Himself and as Guardian Ad Litem of FRANK LESLIE HOWARD, Jr., and as Guardian Ad Litem of VERNE HOWARD, Appellant, v. QUINN–ROBBINS COMPANY, INC., a Corporation, and J. J. HOWARD, Respondents.

[18 Pac. (2d) 917.]

James F. Ailshie, Jr., T. J. Jones, Jr., and J. R. Smead, for Appellant.

Karl Paine and Martin & Martin, for Respondent Quinn-Robbins Co., Inc.

HOLDEN, J.—On the thirty-first day of March, 1931, the jury, in the instant case, rendered its verdict. On the next day judgment was entered. April 9, 1931, notice of intention to move for a new trial was filed by appellant. On the seventeenth day of April, 1931, the trial court, by order, extended the time to June 1, 1931, within which appellant might serve and file affidavits in support of a motion for a new trial and also serve and file further specifications of error and particulars touching the sufficiency of the evidence to justify the verdict, and the trial court, by the same order, also extended the time to June 1, 1931, within which appellant might serve and file his motion for a new trial. Thereafter, further orders were made extending the time to June 20, 1931, within which appellant might serve and file said affidavits, specifications of error and particulars and motion for a new trial. On the twentieth day of June, 1931, appellant served and filed his motion for a new trial and specifications of error in law. On the twenty-fourth day of September, 1931, respondent, Quinn-Robbins Company, filed objections to the hearing of appellant's motion for a new trial and moved the court to dismiss that motion upon the following grounds: That appellant had waived

and abandoned his motion under the provisions of C. S., sec. 6891, as amended by chap. 9, 1931 Sess. Laws, now I. C. A., sec. 7–605, in that more than sixty days had elapsed since appellant had filed his notice of intention to move for a new trial; that appellant failed to file affidavits in support of his motion for a new trial; that the time for bringing that motion to a hearing had not been extended by the trial judge; that no attempt had been made by appellant, or his counsel, to bring the motion for a new trial on for hearing within sixty days after said notice of intention was filed, or at all. Thereafter, respondent's said objections and motion to dismiss were heard and on the twenty-first day of November, 1931, the trial judge, by order, sustained such objections and denied and dismissed appellant's motion for a new trial. From that order, this appeal is taken.

Appellant contends that the orders extending the time for filing and serving his motion for a new trial necessarily postponed the hearing of the motion until after the date of the filings, and that I. C. A., sec. 7–605, is a statute of limitation.

Respondent contends that I. C. A., sec. 7–605, is a procedural statute; that a litigant has no vested right in the mode of procedure; that it was the duty of appellant to bring his motion on for hearing within the time required by the statute, or to secure an order extending the time, and that I. C. A., sec. 7–605, is in no sense a statute of limitation.

I. C. A., sec. 7–605, provides:

"The application for a new trial shall be heard at the earliest practicable period after the notice of intention to make such motion, if the motion is to be heard upon the minutes of the court, and in other cases, after the affidavits are filed, and may be brought to a hearing upon motion of either party. Any motion not brought to a hearing within sixty days after the filing of the notice of intention to move for a new trial shall be deemed waived, unless the court, for good cause shown, extends the time therefor. . . . . "

While, in his brief, appellant contends that the statute in question is a statute of limitation, we think, and it was conceded by counsel for the respective parties, on the oral argument, that I. C. A., sec. 7–605, is a procedural statute, which disposes of that question. And it is well settled, in this jurisdiction, that no person has a vested right in any particular mode of procedure. (*Boise Irr. etc. Co. v. Stewart*, 10 Ida. 38, 77 Pac. 25.)

But we think that a decision of this matter turns upon the construction of the said orders of the trial court. If these orders had the legal effect of extending the time for hearing the motion for a new trial, then the trial court should be reversed; if not, then the decision of that court should be affirmed.

It will be observed that the statute vests a trial court with power, for a good cause shown, to extend the time for hearing a motion for a new trial. The trial judge, "good cause appearing therefor," extended the time for filing specifications of error, and also for filing and serving a motion for a new trial. The motion for a new trial could not have been heard until the specifications of error and the particulars as to the alleged insufficiency of the evidence had been served and filed. Those steps must precede the hearing of the motion for a new trial, and, therefore, the extension of the time beyond the period fixed by the statute for taking those steps necessarily also extended beyond the sixty-day period, the time for hearing the motion. It is pertinent to observe here that this court, in *Buckle v. McConaghy*, 11 Ida. 533, 83 Pac. 525, held that an order granting a new trial made before the statement on which the motion was based was settled and filed, was prematurely made and must be set aside.

In addition to the provision that "any motion not brought to a hearing within sixty days after the filing of the notice of intention to move for a new trial shall be deemed waived, unless the court, for good cause shown, extends the time therefor," I. C. A., sec. 7–605, also provides that "the application for a new trial shall be heard at the earliest

practicable period after the notice of intention to make such motion" and that the application "may be brought to a hearing upon motion of either party." Respondent did not object to the hearing of the motion for a new trial on the ground of want of diligence on the part of appellant in bringing his motion on for hearing, and the record is silent as to whether or not he was diligent in that respect, so that matter is not before the court.

We conclude that the said order of the trial judge necessarily extended the time for hearing appellant's motion for a new trial and that appellant is entitled to have his motion heard upon its merits. For the foregoing reasons the order of the trial court, denying and dismissing appellant's motion for a new trial is reversed, and the matter remanded for further proceedings in accordance with this opinion, and it is so ordered. Costs to appellant.

Budge, C. J., Givens and Morgan, JJ., and Babcock, D. J., concur.