200 P.2d 359

**CUOIO et al. v. KOSERIS et al.**

No. 7454.

Supreme Court of Idaho.

Nov. 3, 1948.

Rehearing Denied Dec. 13, 1948.

H. J. Swanson, of Pocatello, for appellants.

484

B. A. McDevitt, of Pocatello, for respondents.

GIVENS, Chief Justice.

Appellants filed August 31, 1946, a complaint in unlawful detainer, for restitution of premises, $300.00 a month rental trebled as damages, and $1,000.00 general damages. A general demurrer thereto was overruled November 25, 1946, and answer not being filed within the fifteen days granted therefor, default was entered December 17, 1946, in a term which expired January 5, 1947. Answer was filed December 20, but the record is silent as to service upon appellants or their attorney as required by Section 5-815, I.C.A. A motion to set aside the default was filed September 4, 1947, based upon the affidavit of attorney for respondents as follows: "* * *; that on or about the ninth day of December, 1946, he called the presiding judge, having jurisdiction of said cause, on the telephone and requested an extension of time for filing answer in said cause; that said Judge McDougall, then in words to the effect stated that, 'You can have an extension of a few days.' That thereafter, and on the 20th day of December, 1946, the said answer was filed. That this affiant was never advised until court on September 4th, 1947, that a default had been entered and that the Clerk of the Court accepted the said answer without advising that a default had been entered. That, through the undersigned relying on the extension of time by the Court the said default was entered and that the same was done without the consent of the court

and against the express direction of the court", and requesting that an order as indicated in the asserted oral conversation be entered nunc pro tunc. Motions opposing the application to set aside the default, etc. and asking for judgment on the default, were interposed. The court set aside the default, but did not rule as such on the motion for the entry of the order nunc pro tunc. The cause thereafter proceeded to trial and judgment for respondents. The appeal herein is from the judgment and challenging the order setting aside the default.

The only showing in support of setting aside the default was the asserted telephone conversation which respondents contend amounted to an order. The time within which the defendants were to file their answer having been fixed at fifteen days from the date of the overruling of the demurrer, the only way that time could be extended was by proper order of the court or by agreement of the parties, express or implied. By Section 12-401, I.C.A., an order must be in writing, signed by the judge or entered in the minutes. A memorandum decision is not effective as an order until signed by the trial judge or entered in the minutes. Idaho Farm Development Co., v. Brackett, 44 Idaho 272, 257 P. 35.

Oral conversations over the telephone or on the street between court and counsel are not orders. In re Skerrett's Estate, 80 Cal. 62, 22 P. 85; Nellis v. Justices' Court of Los Angeles Tp. et al., 20 Cal.App. 394, 129 P. 472. Therefore, conceding the judge did orally grant additional time, same was not a recognizable order effective to grant further time. Goade v. Gossett, 35 Idaho 84, 204 P. 670; Spivey v. District Court, 37 Idaho 774, 219 P. 203; First Nat. Bank of Pocatello v. Poling, 42 Idaho 636, 248 P. 19; Idaho Farm Development Co. v. Brackett, supra. This is the only basis in support of the application to have the default set aside, and being insufficient, the court erred in setting aside the default. Kingsbury v. Brown, 60 Idaho 464, 92 P.2d 1053, 124 A.L.R. 149; Curtis v. Siebrand, 68 Idaho 285, 194 P.2d 281.

Respondents urge that appellants, by waiting approximately six months after the entry of the default before applying for judgment, waived the default. 31 Am. Juris. 127, Sec. 510.

The statute does not require that notice be given the adverse party before the entry of the default or judgment on default. Section 7-801, I.C.A.

While there are cases tending to support respondents, they are upon facts and statutes substantially different from herein. One statute authorizes the entry of default judgment in a subsequent term of court: Section 7-801 (2), I.C.A. The application to set aside the default was not within the six months from the beginning of the subsequent term, as required by statute: Section 5-905, I.C.A. The application, therefore, was not in time and

initially nugatory and unavailing. Commonwealth Trust Co. of Pittsburg v. Lorain, 43 Idaho 784, 255 P. 909; Rice v. Rice, 46 Idaho 418, 267 P. 1076; Backman v. Douglas, 46 Idaho 671, 270 P. 618.

Such disposition of the cause obviates the necessity of considering other asserted errors.

Judgment is, therefore, reversed and the cause remanded with instructions to reinstate the default and upon proper proof, Sections 9-312, 9-316, 9-317, I.C.A., Gustin v. Byam, 41 Idaho 538 at 544, 240 P. 600, enter an appropriate judgment. Costs awarded to appellants.

HOLDEN and HYATT, JJ., and BAKER, D. J., concur.

MILLER, J., sat at the hearing, but did not participate in the opinion.