214 P.2d 467

HALL v. JOHNSON.

No. 7539.

Supreme Court of Idaho.

Jan. 25, 1950.

192

Anderson & Thomas, Boise, for appellant.

W. H. Langroise, W. E. Sullivan, W. B. Bowler and J. M. Lampert, all of Boise, for respondent.

KEETON, Justice.

Plaintiff, respondent here, commenced this action to recover damages from the defendant, appellant, alleged to have been sustained in an automobile collision which occurred at the intersection of Cleveland and Nez Perce Streets, Boise, Idaho, on June 4, 1947. Plaintiff was riding in a car driven by Reuben Browning when this car collided at the intersection with a car driven by the defendant Johnson.

Two grounds of negligence are alleged on the part of the defendant. First, the defendant did not yield the right of way to the automobile driven by Browning. Second, the defendant did not stop or slow up prior to entering the intersection of Cleveland and Nez Perce Streets, and did not turn his car in a manner to avoid the collision; and as a result of the collision the plaintiff suffered injuries, incurred a doctor

and hospital bill, suffered loss of employment, and other damages.

The defendant denied the allegations of the complaint, and as affirmative defense alleged that the plaintiff's injury, if any, was caused by the negligence and carelessness on the part of Browning, in whose car the plaintiff was riding.

The case was tried before a jury and on the issues framed, the jury on April 19, 1948, rendered a verdict in favor of the defendant, on which judgment was entered.

Appellant (defendant below) has appealed from an order of the trial court granting respondent's motion for a new trial.

On the 28th of April, 1948, plaintiff (respondent here) served and filed a notice of motion for new trial specifying that the motion would be made on the various statutory grounds set forth in Sec. 10-602, I.C.; and would be made on affidavits, the records and files of the action and the minutes of the court. By stipulation of counsel the court extended the time for serving and filing affidavits to May 18, 1948, and thereafter extended the time to July 15, 1948, in which the plaintiff might file and serve affidavits and specifications of error in connection with his notice of motion. On July 15, 1948, specifications of insufficiency of evidence to justify the verdict and specification of claimed errors occurring in the trial were served and filed. To the specifications were attached affidavits complaining of the conduct of defendant's counsel in his argument to the jury and affidavits of two of the jurors (who did not agree on the verdict) setting forth certain things that occurred in the deliberations of the jury; and appellant also on that date made a motion for a new trial, specifying generally the following:

1. Irregularity in the proceedings of the court by which plaintiff was prevented from having a fair trial.

2. Irregularity in the proceedings of the jury by which plaintiff was prevented from having a fair trial.

3. Irregularity in the proceedings of the adverse party and his attorneys by which plaintiff was prevented from having a fair trial.

4. Misconduct of the jury.

5. Insufficiency of the evidence to justify the verdict of the jury.

6. That the verdict is against law.

7. Errors in law occurring at the trial and excepted to and deemed excepted to by the plaintiff.

8. That there has been such a plain disregard by the jury of the instructions of the court as to warrant the court in concluding that the verdict was rendered under a misapprehension of such instructions.

9. That there has been such a plain disregard by the jury of the evidence in the

case as to warrant the court in concluding that the verdict was rendered under the influence of passion or prejudice.

Pursuant to stipulation the court on the 22nd day of July, 1948, granted the defendant to August 15, 1948, in which to file and serve counter-affidavits in connection with the plaintiff's motion. On August 13, 1948, affidavits were filed by defendant's counsel denying the affidavits in support of the motion and denying the alleged misconduct on the part of the jury.

On December 24, 1948, defendant filed objections to the hearing of plaintiff's motion and moved to dismiss the motion for the reason that the plaintiff had waived and abandoned his motion for a new trial under the provisions of Sec. 7-605, I.C.A., Sec. 10-605, I.C. To this motion to dismiss plaintiff's counsel W. B. Bowler filed an affidavit in extenuation of the reasons for the delay, in part as follows:

"That between and including September 29, 1948, and October 12, 1948, this affiant was continuously out of the City of Boise, Idaho. That between and including October 14, 1948, and November 8, 1948, J. M. Lampert, who was the attorney who tried the case for the plaintiff, was extremely ill and unable to attend to matters of court, and he was the only one of plaintiff's present attorneys who heard the trial, and affiant could not safely proceed to hearing on said motion without him. That between and including November 4, 1948, and December 10, 1948, this affiant and Eugene

H. Anderson, defendant's attorney herein, were associated together as attorneys for the defendant in the preparation and trial of a homicide case in Gooding County, Idaho.

"That by mutual consent of counsel for the parties to the above action the motion was brought on for hearing on December 17, 1948, and by consent of counsel and the court it was then set over to the next regular motion day, December 24, 1948.

"That by virtue of the foregoing facts said last date mentioned is the earliest practicable time that a hearing on said motion for a new trial can be had."

This consent or agreement of counsel as stated in said affidavit is not denied by the appellant, so may be accepted as a correct statement of fact, and was no doubt considered by the trial court in granting the extension of time and in hearing the motion for a new trial hereinafter referred to. Hearing on the motions was by the court extended to December 31, on which date the plaintiff's counsel moved for an order extending the time for hearing the motion for a new trial, having served said notice on December 24, 1948. Defendant filed objections to hearing plaintiff's motion for a new trial specifying that the same had been waived and abandoned under the provisions of Sec. 7-605, I.C.A. and that more than sixty days had elapsed since any moving papers had been filed in the cause, and that more than four months had elapsed before any attempt was made

to bring the motion for new trial on for hearing. On January 3, the court overruled the defendant's objections to hearing the motion for a new trial and gave notice that the motion for a new trial would be heard on January 12, and on March 21 made an order granting the plaintiff's motion for a new trial in general on the grounds specified in assignments numbered 2, 3, 4, 5, 6, 7, 8, and 9 above set forth.

The appellant in assignment of errors contends that respondent waived and abandoned the motion for a new trial and the court was without jurisdiction to hear and pass on the same.

Sec. 10-605, I.C. provides: "The application for a new trial shall be heard at the earliest practicable period after the notice of intention to make such motion, if the motion is to be heard upon the minutes of the court, and in other cases, after the affidavits are filed, and may be brought to a hearing upon motion of either party. Any motion not brought to a hearing within sixty days after the filing of the notice of intention to move for a new trial shall be deemed waived, unless the court, for good cause shown, extends the time therefor * * *."

█ In this case extension of time was made by the court for the filing of affidavits and making showing. Stipulation and order extending the time for filing affidavits and specifications of error more than sixty days after the filing of notice of intention to move for a new trial, extended the time for hearing the motion. The motion could not be heard until after the specifications of error and particulars touching the alleged insufficiency of the evidence were filed. Palmer v. Quinn-Robbins Company, Inc., 52 Idaho 661, 18 P.2d 917; Kelley v. Clark, 21 Idaho 231, 121 P. 95.

█ The time for hearing the motion for new trial is not jurisdictional and the question as to whether or not reasonable diligence has been exercised by movant, is one which rests largely in the discretion of the trial court. The mere lapse of time is insufficient to show an abuse of a trial court's discretion in refusing to dismiss the motion. 46 C.J. 393. And, where the court denies the objections to hearing the motion for a new trial, the same amounts to a finding that the motion was presented at the earliest practicable time. Thibadeau v. Clarinda Copper Mining Company, 47 Idaho 119, 272 P. 254. In this case the court said: "Court's hearing of motion for new trial on the merits amounts to a finding that the moving party was not guilty of inexcusable delay and that motion was presented at the earliest practicable period, as required."

The appellant contends that the verdict of the jury may not be impeached by affidavits of the jurors, and further, that misconduct of counsel, if any, is insufficient if no objection is made at the time it al-

legedly occurs, or where the court is not requested at such time to correct counsel.

The jury's verdict was not attacked by the dissenting jurors on the ground that the verdict was arrived at by chance.

Except where a verdict is rendered by resort to chance, it is fundamental that a jury cannot impeach its verdict and affidavits of jurors cannot be considered for that purpose. Sec. 10-602, I.C.; Griffith v. Montandon, 4 Idaho 377, 39 P. 548; Bernier v. Anderson, 8 Idaho 675, 70 P. 1027.

The record does not disclose any objections to the conduct of counsel made when it occurred nor was the court requested at the time to correct the counsel. In the case of Hurt v. Monumental Mercury Mining Company, 35 Idaho 295, at page 302, 206 P. 184, at page 186, this court said: "If the remark was made, the court's attention should have been called thereto immediately, in order that the court might have properly instructed the jury to disregard the same and impose such penalty as it might deem proper. Counsel cannot sit quietly by, knowing that error has been committed, and await the verdict of the jury, and then upon motion for a new trial urge such error as a ground for new trial."

In the case of Stewart v. City of Idaho Falls, 61 Idaho 471, 103 P.2d 697, this court said: "Timely and proper objection should be made to remarks of counsel properly to preserve and present to the Supreme Court alleged errors in remarks so that the trial court may have an opportunity to prevent or, if possible, eradicate the errors by admonition or instruction, and so that there may be adverse ruling or action by the trial court for review by the Supreme Court."

The granting of the motion for a new trial on specifications numbered 2 and 3 was, therefore, unauthorized.

Specifications granting the new trial numbered 5, 6, 7, 8 and 9 above, will be discussed together.

"An order granting a new trial will not be reversed on appeal, if it can be justified on any of the grounds on which the motion was made.

"On proper motion, a trial judge should, notwithstanding substantial conflict in the testimony, grant a new trial if he is satisfied that the verdict is against the weight of the evidence, and even though there be no conflict in the testimony, the probative effect on the evidence is ultimately for trial 'court's determination on the hearing on motion for new trial.

"Where one ground specified in motion for new trial, is insufficiency of the evidence, and a new trial is granted, without denominating the basis therefor, appellate court, in presence of substantially conflicting evidence will presume that trial judge's decision was based on conviction that verdict is not in accord with great weight of

evidence, and that ends of justice would be subserved by vacating it." Tidd v. Northern Pacific Ry. Co. 46 Idaho 652, 270 P. 138.

An order granting a new trial on the ground the verdict is contrary to the evidence is discretionary and will not be reversed unless it appears there was an abuse of discretion. Wolfe v. Ridley, 17 Idaho 173, 104 P. 1014, 20 Ann.Cas. 39.

Where it does not affirmatively appear that there was an abuse of discretion, the order granting a new trial will not be reversed. Seamons v. Davis, 34 Idaho 393, 201 P. 716.

In the case of MacDonald v. Ogan, 61 Idaho 553, at page 556, 104 P.2d 1106, at page 1107, this court held:

"It should be remembered that, in passing upon a motion for a new trial, the appellate court applies a different rule to the consideration of an order *granting a new trial* from what it applies to the *denial of a new trial*. This difference is predicated on the grounds that, where a new trial is granted, both parties are put back in the status in which they found themselves on the original trial; and each party has his chance to present the case anew to the court and jury. Whereas, an order denying a motion for a new trial terminates the case and denies the losing party any chance of resubmitting this case or having it again heard by the court and jury. So it has been held by this court that, 'where there is a substantial conflict in the evidence the verdict of a jury or findings of the court will not be set aside on appeal, does not apply to a trial court on an application for a new trial.' Jones v. Campbell, 11 Idaho 752, 755, 84 P. 510."

\* \* \* \* \* \*

"And in Tidd v. Northern Pac. Ry. Co., 46 Idaho 652, 656, 270 P. 138, 139, the court said: 'The granting of a new trial for insufficiency of the evidence is by no means a declaration that no conflict exists. If absence of such conflict were a prerequisite for the granting of a new trial, judges could seldom discharge their incumbent duty to grant one for insufficiency of the evidence, however convinced of perjury or miscarriage of justice.'"

\* \* \* \* \* \*

"We have examined the evidence given in the case and find a conflict in some of the essential facts to be passed upon by the jury. That conflict is sufficiently marked and raises enough doubt on at least one crucial fact to set in action the discretion of the court; and that discretion having been exercised *in favor of a new trial,* we would not be justified in disturbing its exercise under the rule prevailing in this jurisdiction."

The opinion written by Justice Holden in Poston v. Hollar, 64 Idaho 322, on page 326, 132 P.2d 142, on page 143, quotes with approval the views expressed in MacDonald v. Ogan, supra, and also quotes with approval from a prior Idaho case (Turner v. First Nat. Bank, 42 Idaho 597, 348 P.14)

as follows: " 'The trial judge sees the witnesses on the witness stand, observes the manner of their testifying, notes their apparent candor or fairness, or the want of it, hears the argument of counsel, and, in short, is in possession of many sources of information valuable in an inquiry *as to whether justice has miscarried or not,* and which cannot be made to appear in the record of the case which comes to the appellate court; and appreciating such fact, appellate courts have so frequently held, that it may be announced as settled law, that trial courts possess a discretion to be exercised wisely in the granting or refusal of new trials, and that such discretion will not be by the appellate court disturbed unless it manifestly and clearly appears to have been exercised unwisely and to have been manifestly abused. Such has been the holding of this court in many cases.' "

The opinion in Poston v. Hollar, supra, further said, 64 Idaho on page 326, 132 P.2d on page 143: "Since Say v. Hodgin, supra (20 Idaho 64, 116 P. 410), this Court has uniformly held that a motion for a new trial is addressed to the sound legal discretion of the trial court, and that unless there has been a clear abuse of such discretion, an order granting a new trial will not be disturbed on appeal."

In Riggs v. Smith, 52 Idaho 43, on page 47, 11 P.2d 358, on page 359, Justice Budge wrote: "The granting of a new trial on; the ground of insufficiency of the evidence is addressed to the sound legal discretion of the trial court, and unless there has been a clear abuse of such discretion the order will not be disturbed on appeal, and a new trial may be allowed where the evidence is conflicting where the trial court is satisfied that the verdict is not supported by or is contrary to the evidence." In support of the above statement, there is cited Stone v. Matthies, 49 Idaho 277, 287 P. 951, written by Justice Givens.

We therefore conclude that the appellant has failed to sustain the burden of showing a clear abuse of discretion by the trial court in granting a new trial, and following the authorities and opinions above cited, we conclude that the order granting the new trial should be affirmed. The order appealed from is therefore affirmed. Costs to respondent.

HOLDEN, C. J., and GIVENS and PORTER, JJ., concur.

TAYLOR, Justice (dissenting).

I am in agreement with the majority in upholding the trial court in its disposition of the motion for new trial on the merits. But, in view of the delay on the part of movant in bringing the motion on for hearing a delay of more than four months after the showing and countershowing were completed, the motion was waived and should have been dismissed. 10-605, I.C.

Thibadeau v. Clarinda Copper Mining Company, 47 Idaho 119, 272 P. 254, is not

applicable here, for two reasons. First, the sixty day provision was not a part of the statute when that decision was rendered. Second, the implied finding of the trial court, that the motion was presented at the earliest practicable period, in this case was based entirely upon a written record. In such case this court has held itself to be in as good position as the trial court to pass upon the facts. Savege v. Stokes, 54 Idaho 109, 28 P.2d 900; Woodruff v. Butte & Market Lake Canal Company, 64 Idaho 735, 137 P.2d 325; Burns v. Skogstad, 69 Idaho 227, 206 P.2d 765. In this case the showing does not excuse the delay.

In Palmer v. Quinn-Robbins Company, Inc., 52 Idaho 661, 18 P.2d 917, 918, where a delay of some 94 days was excused, it was expressly pointed out that, "Respondent did not object to the hearing of the motion for a new trial on the ground of want of diligence on the part of appellant in bringing his motion on for hearing, and the record is silent as to whether or not he was diligent in that respect, so that matter is not before the court." Here the appellant did object on the ground of want of diligence, and the record is not silent on that question. In fact movant's (counsel's) own affidavit shows a want of diligence.

The "mutual consent" arrangement referred to could not operate to extend the time. It came too late. And it was noneffective. Cuoio v. Koseris, 68 Idaho 483, 200 P.2d 359.